UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x
Kelly Lett,                                                          Civ. No.:

      Plaintiff,

  -against-                                                       **COMPLAINT**

TAG Yonkers II LLC,                                             Jury Trial Demanded,

      Defendants.
-----------------------------------------x

As and for his complaint, in the above-captioned action, plaintiff Kelly Lett, by and through his attorneys Kasell Law Firm, alleges as follows:

## PARTIES

1. At all times mentioned herein Kelly Lett ("Plaintiff") was and is an individual residing in Queens County, New York.

2. Defendant TAG Yonkers II LLC ('Dealer') is a motor vehicle dealer with its principal place of business at 1850 Central Park Ave., Yonkers, NY. Dealer is engaged in the business of selling and leasing new motor vehicles to consumers in the State of New York.

## JURISDICTION AND VENUE

3. Jurisdiction is premised on the Consumer Leasing Act, 15 U. S. C. § 1667d, and actionable through 28 U.S.C. §§ 1331 and 1337.

4. Plaintiff instituted this action for actual damages, statutory damages, attorneys' fees, and costs against Defendants for violations of the Consumer Leasing Act (hereinafter "CLA") and Federal Reserve Board Regulation M, 12 C.F.R. part 1013, promulgated pursuant thereto, and for related and unrelated violations of: New York General Business Law §§

349, and 350.

5. Venue in this District is proper in that the conduct complained of occurred here.

## STATUTORY FRAMEWORK
### CLA

6. The Consumer Leasing Act ("CLA") is a federal law designed to ensure that lessees of personal property receive meaningful disclosures that enable them to compare lease terms with other leases and, where appropriate, with credit transactions. The statute is contained in title I of the Consumer Credit Protection Act, as amended, 15 USC §§ 1667 et seq. The regulations implementing the statute, which are known as "Regulation M" are codified at 12 C.F.R. part 1013.

### BACKGROUND

7. Plaintiff went online and visited Dealer's website where he saw a new 2025 Kia Sportage advertised for a price of approximately $34,000.

8. On or about August 31, 2025, Plaintiff leased from Dealer a new 2025 Kia Sportage, Vehicle Identification Number KNDPVCDG7S7218438 (the "Vehicle"). A copy of the window sticker for the Vehicle is attached as Exhibit "A".

9. The window sticker clearly reflects a price of $36,555 for the Vehicle.

10. Plaintiff left Dealer's place of business and later realized that he had not been given a copy of the lease. The failure to deliver a copy of the lease at the time of the transaction is a first violation of the CLA.

11. The next morning, Plaintiff returned to Dealer to obtain a copy of his lease. A copy of Plaintiff's lease for the Vehicle is attached as Exhibit "B".

12. When Plaintiff reviewed the lease he realized that the Dealer had not honored the advertised price nor had it honored the $36,555 price on the window sticker. In fact, the agreed upon value or 'Gross Capitalized Cost" in the lease is inexplicably listed as $40,239.20.

13. The unexplained increase of more than 10% in the Gross Capitalized Cost as compared to the price on the window sticker is evidence of a second violation of the CLA.

FIRST CAUSE OF ACTION

(Violation of the Federal Consumer Leasing Act,
U.S.C. § 1667 et seq., and Regulation M, 12 C.F.R. Part 1013)

14. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

15. Dealer is a motor vehicle lessor engaged in the business of regularly leasing motor vehicles to consumers under written lease agreements for personal, family, or household use.

16. Plaintiff entered into a motor vehicle lease agreement with Dealer for a 2025 Kia Sportage, Vehicle Identification Number KNDPVCDG 7S7218438 on or about August 31, 2025, for personal, family, or household use.

17. The lease was a "consumer lease" as defined by the Consumer Leasing Act, 15 U.S.C. § 1667(1), and Regulation M, 12 C.F.R. part 1013.2(e), in that it was made to a natural person, had a term exceeding four months, and had a total contractual obligation not exceeding the statutory threshold.

18. Under the Consumer Leasing Act and Regulation M, Dealer was required to provide Plaintiff with accurate written disclosures of, inter alia, the gross capitalized cost, total amount due at lease signing, the amount paid by the lessee at lease signing or delivery, and the amount of any capitalized cost reduction or down payment.

19. Dealer violated the Consumer Leasing Act and Regulation M by misstating or inaccurately disclosing the gross capitalized cost in the lease agreement.

20. Dealer also violated the Consumer Leasing Act by failing to deliver a copy of the lease at the time of consummation.

## SECOND CAUSE OF ACTION

(Violation of New York General Business Law § 349 – Deceptive Acts and Practices)

16. Plaintiffs repeat and reallege paragraphs 1 through 15 as if fully set forth herein.

17. New York General Business Law § 349 prohibits deceptive acts and practices in the conduct of any business, trade, or commerce or in the furnishing of any service in New York.

18. Defendant engaged in deceptive acts and practices by representing that it would sell the Vehicle at the advertised "TrueCar" price, inducing Plaintiffs to travel to the dealership, and then refusing to honor the price and attempting to sell the Vehicle at an inflated cost.

19. Defendant's actions were misleading in a material respect and caused Plaintiffs to suffer actual damages.

20. Plaintiffs are entitled to actual damages, statutory damages, punitive damages, and attorneys' fees pursuant to GBL § 349(h).

## THIRD CAUSE OF ACTION

<u>(Violation of New York General Business Law § 350 – False Advertising)</u>

21. Plaintiffs repeat and reallege paragraphs 1 through 20 as if fully set forth herein.

22. New York General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce or in the furnishing of any service in New York.

23. Defendant advertised the Vehicle at a specific "TrueCar" price with no disclosure that the actual sales price would be higher.

24. Plaintiffs relied on Defendant's advertisement and express confirmation of the advertised price when deciding to travel to the dealership to purchase the Vehicle.

25. Defendant's refusal to sell the Vehicle at the advertised and confirmed price constituted false advertising and caused Plaintiffs to suffer damages.

26. Plaintiff is entitled to actual damages, statutory damages, punitive damages, and attorneys' fees pursuant to GBL § 350-e.

WHEREFORE, Plaintiff Kelly Lett demands judgment against Dealer as follows:

(a) For a refund of all monies paid under the lease;

(b) For rescission of the lease agreement and return of the Vehicle;

(c) For actual damages;

(d) For statutory damages;

(e) For incidental and consequential damages;

(f) For attorneys' fees and costs of suit;

(g) For such other and further relief as this Court may deem just and proper.

DATED: Long Island City, New York
December 10, 2025

_____/s/_____
By: David M. Kasell
KASELL LAW FIRM
1038 Jackson Ave., #4
Long Island City, NY 11101
(718) 404-6668