```
USDC SDNY
DOCUMENT
ELECTRONICALLY  FILED
DOC #:_____
DATE FILED:  3/12/2026
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
KELLY LETT,

                                        Plaintiff,                    **25-CV-10335 (VSB) (KHP)**

                -against-                                             **POST CONFERENCE ORDER**

TAG YONKERS II, LLC.,

                                        Defendant.
-----------------------------------------------------------------X
**KATHARINE H. PARKER, United States Magistrate Judge:**

On **Wednesday, March 11, 2026** the parties appeared before the undersigned for an

Initial Case Management Conference.  After review of the pleadings and consultation with the

parties, the following Scheduling Order is entered pursuant to Rule 16 of the Federal Rules of

Civil Procedure:

**Pleadings, Parties, and Motions.**  The parties shall have until **March 31, 2026**, to amend

the pleadings and join parties.  No further amendments or joinder of parties thereafter absent

good cause.

**Discovery.**   The deadline to complete all discovery is **July 31, 2026**.  The parties will be

limited to 10 document requests each and 2 depositions each.

**Discovery Disputes.**  The parties shall follow the Court's Individual Procedures with

respect to any discovery disputes. *See* https://nysd.uscourts.gov/hon-katharine-h-parker.

**Rule 1 and Rule 26(b)(1).**  Counsel shall comply with Rule 1 and Rule 26(b)(1) in the

conduct of discovery.

**Document Requests.**  Counsel shall be fully familiar with their obligations under Rules

34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes

regarding overbreadth and specificity of requests and responses.  A failure to comply with this responsibility carries serious consequences.  Requests for any and all documents on a broad topic are presumptively improper.  Likewise, courts have held that an objection that does not appropriately explain its grounds is forfeited.  *See, e.g.*, *Wesley Corp. v. Zoom T.V. Prods., LLC*, No. 17-100212018, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018); *Fischer v. Forrest*, No. 14 Civ. 01304 (PAE) (AJP), 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) ("[A]ny discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege).").

**Status Letter.**  In lieu of scheduling a case management conference, the Court requests a status letter update by **March 31, 2026**.

**Consent.**  The parties are reminded that they have the option to consent to conduct all proceedings, including a trial, before the undersigned pursuant to 28 U.S.C. § 636(c).  If all parties consent, they shall complete and file the Consent form available on the Court's website at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge.  This Order is not meant to interfere in any way with the parties' absolute right to have dispositive motions and/or a trial before a United States District Judge, but is merely an attempt at preserving scarce judicial resources and reminding the parties of their option pursuant to 28 U.S.C. § 636(c).

**SO ORDERED.**

DATED:      New York, New York
March 12, 2026

_____
KATHARINE H. PARKER
United States Magistrate Judge

3